### Bacon v. Morrison

C.P. of Lawrence County, no. 10797 of 2005, C.A.

*Philip W. Berezniak,* for plaintiff Roebuck.
*Ryan C. Long,* for defendant-petitioner Morrison.
*Michael A. Frisk Jr.,* for plaintiff-defendant Bacon.

PICCIONE, *J.,* December 28, 2005—Before the court for disposition is Marlana Morrison's (Mother) petition to relocate. Mother is requesting permission to relocate with the minor child, [    ], born [    ], to Goose Creek, South Carolina.

The existing custody order, dated August 17, 2005, awards primary physical custody of the minor child to the Mother, subject to the partial custody rights of Mark Bacon (Father) and Lori Roebuck (Maternal Grandmother). The Father currently enjoys partial custody of the minor child on each Monday and Wednesday from 5 p.m. to 8 p.m. and on alternating Sundays from 1 p.m. to 6 p.m. Mother and Father share legal custody of the minor child. Mother is permitting the Maternal Grandmother to have some contact with the minor child; however, the relationship between Mother and Grandmother has significantly deteriorated since Mother decided to attempt relocation.

Mother and Father, parties to the instant action, conceived a child, [    ], out of wedlock. Mother and Father

finally separated August 2004 after a history of separations and reunions. Throughout the minor child's life, the Maternal Grandmother, also a party to this action, has been instrumental in raising her.

Mother and Father are and continue to be Lawrence County residents. Additionally, both Mother and Father have many family members that reside in the Lawrence County area including the minor child's Maternal and Paternal Grandparents. Mother filed a petition to relocate on July 27, 2005, upon her engagement to Benjamin Nye. At the time of the hearing she was approximately three months pregnant with their child. (N.T. 09/14/05 p. 63.)

Mother's fiance, Benjamin Nye, is a former Lawrence County resident who has obtained employment in the Goose Creek, South Carolina area. (N.T. 09/14/05 p. 152.) Mr. Nye has relatives and friends in the Goose Creek area. (N.T. 09/14/05 p. 40.)

Mother met Mr. Nye sometime in November of 2004 and began dating him approximately one month later. (N.T. 09/14/05 p. 34.)

The testimony of the parties revealed that Mr. Nye was addicted to Oxycodone and sought treatment for that addiction. (N.T. 09/14/05 p. 83.) The Mother provided copies of Mr. Nye's certificates of completion from the Residential Addiction Treatment Program at the Ellen O'Brien Gaiser Addiction Center on May 28, 2004, and from the Moffet House on August 30, 2004. Mr. Nye presented himself to the court as recovered and capable of meeting the demands of beginning a new family.

Mother currently has a high school degree and works around 20 hours per week as a waitress, earning $5.85 per hour plus tips. (N.T. 09/14/05 p. 8.) Mother has testified

that she has obtained near full-time employment in Goose Creek at the rate of $15 per hour. (N.T. 09/14/05 p. 60.)

Mr. Nye and Mother have signed the lease for a townhouse at 30 Crystal Springs Dr., Goose Creek, South Carolina. (N.T. 09/14/05 p. 48). They have also chosen a pediatrician for the minor child and located St. James Park as a nearby location for the minor child to play. (N.T. 09/14/05 pp. 53-54.) If Mother were permitted to relocate, the minor child would attend school at Goose Creek Primary. (N.T. 09/14/05 p. 55.) Additionally, Mother and Mr. Nye have provided photographs depicting these locations to the court.

Father is also a high school graduate. Although Father admitted to his previous shortcomings as a parent, he is improving his relationship with the minor child and appears to be improving his life as a whole.

The court finds the standards enumerated in *Gruber v. Gruber,* 400 Pa. Super. 174, 186, 583 A.2d 434, 440 (1990), apply to this case in disposing of the relocation issue presented by Mother. The *Gruber* court set forth three factors a trial court must consider in determining whether a custodial parent may relocate a distance from the non-custodial parent:

"(1) The potential advantages of the proposed move, economic and otherwise, and the likelihood the move would improve substantially the quality of life for the custodial parent and the child and is not the result of a momentary whim on the part of the custodial parent;

"(2) The integrity of the motive of both the custodial and non-custodial parent in either seeking the move or seeking to prevent it;

"(3) The availability of a realistic substitute visitation arrangement, which will foster adequately an ongoing relationship between the child and the non-custodial parent." *Gruber,* 400 Pa. Super. at 186, 583 A.2d at 440; *Burkholder v. Burkholder,* 790 A.2d 1053 (Pa. Super. 2002).

These three factors must be included in the ultimate consideration of the court, which is the child's best interest. *Thomas v. Thomas,* 739 A.2d 206 (Pa. Super. 1999). Due to the fact that a custody order currently exists, the burden of proof is on the custodial parent requesting relocation. *Dranko v. Dranko,* 824 A.2d 1215 (Pa. Super. 2003); *Tripathi v. Tripathi,* 787 A.2d 436 (Pa. Super. 2001).

A determination of a child's best interest must be premised upon all factors that legitimately affect the child's physical, intellectual, moral and spiritual well-being. *McAlister v. McAlister,* 747 A.2d 390 (Pa. Super. 2000).

The court finds that Mother will potentially improve her quality of life by moving to Goose Creek, South Carolina. She is currently engaged to Benjamin Nye and now would be approximately six months pregnant with their child. Mr. Nye has stated that he has secured good employment in Goose Creek, South Carolina. They have obtained a home to rent and Mother has also stated that she has found near full-time employment for around $15 per hour.

Mother has researched the school system, the recreational facilities available to the minor child and has chosen a pediatrician in Goose Creek, South Carolina. Mother will also potentially be able to provide the minor child with a stable immediate family unit. Most of Mr.

Nye's family is located near Goose Creek, South Carolina and Mr. Nye's mother is purported to be moving to Goose Creek as well. (N.T. 09/14/05 p. 61.) However, the court also finds that, until Mr. Nye and Mother are married, Mr. Nye has no legal economic obligation towards her or the minor child. The court also notes Mother's testimony that, in the event the relationship between her and Mr. Nye dissolved for any reason, she would likely move back to Lawrence County, Pennsylvania. (N.T. 09/14/05 p. 82.) In other words, notwithstanding the other potential advantages of relocating, Mother is attempting to relocate solely because of her relationship with Mr. Nye.

The court finds that, although the proposed relocation purports a prima facie improvement of Mother and minor child's quality of life, the first prong of the *Gruber* analysis has not yet been satisfied. Although Mother is beginning a new life with Mr. Nye and, given their employment opportunities, Goose Creek, South Carolina appears to be the best location for them, these benefits are somewhat speculative due to the fact that Mr. Nye and Mother are not yet married, and Mr. Nye has no legal obligation to support Mother or the minor child. The proposed relocation could also benefit the minor child in that it could serve to provide a stable family unit for the child; however, at this point the court finds any such benefit too speculative to satisfy *Gruber* and its progeny.

The next *Gruber* factor calls for the court to inquire into the integrity of the parties' motives. *Gruber,* 400 Pa. Super. at 186, 583 A.2d at 440. Mother's motive in requesting the move is to be with her fiance, Benjamin

Nye. Mother is pregnant with their child and is seeking to start a new life in South Carolina. Father's motive in seeking to prevent the move appears to reflect his desire to continue his improving relationship with the minor child. Accordingly, the court finds that the motives of the parties are pure, which satisfies the second *Gruber* prong.

The final prong of the *Gruber* analysis examines the availability of a realistic substitute visitation arrangement which will foster adequately an ongoing relationship between the child and the non-custodial parent. *Id.* Currently, the minor child spends time with her Father and Maternal Grandmother pursuant to the order of court dated August 17, 2005. The Father admitted that he leaves much to be desired as a parent; however, he has stated that he is striving to become a better parent. He also indicated that there are times when Mother withholds the minor child from him. Additionally, Maternal Grandmother has been an integral part of raising the minor child. She has also stated that Mother has recently withheld the child from her.

Mother has stated that she would make the minor child available to Maternal Grandmother during the Christmas holiday and for a period of time over the summer. (N.T. 09/14/05 p. 62.) Father would be able to visit the minor child during these times. *Id.*

Although Mother has proposed an alternative custody arrangement, any such arrangement would dramatically curtail the amount of time the minor child spends with Father. At this time, the court is not convinced that the involved parties are able to effectively communicate in such a manner that would promote growth or continuation of the minor child's relationship with Father and

other immediate family in Lawrence County. Accordingly, the court finds that Mother is unable to satisfy the third prong of the *Gruber* analysis.

Considering all relevant factors, and the minor child's best interest, the court concludes Mother has not satisfied the standard set forth in *Gruber;* specifically, the court finds that any benefits to Mother and minor child that could result from the proposed relocation are too speculative at present to conclude with a sufficient degree of confidence that those benefits to Mother and minor child will be forthcoming. The court further finds that the relationship between Mother and Maternal Grandmother has deteriorated to the extent that, at this time, without improvement, it is unlikely for Mother and Maternal Grandmother to reach a custody arrangement that would allow the minor child to continue the established relationship with Maternal Grandmother in the event relocation were to occur. Furthermore, there is not a suitable alternative custody arrangement available that would serve to adequately foster the ongoing and still-developing relationship between the minor child and her Father. For these reasons, Mother's petition to relocate is denied.

## ORDER

And now, December 28, 2005, for the reasons set forth in the accompanying opinion of even date herewith, it is hereby ordered, adjudged, and decreed that Mother's petition to relocate is denied.

The prothonotary shall serve notice of this order upon counsel of record for the parties, and if a party has no counsel, then upon said party at their last known address as contained in the court's file.